[847 NE2d 1154, 814 NYS2d 580]

Tymeik Williams, an Infant, by His Mother and Natural Guardian, Lekesha Fowler, Appellant, v Nassau County Medical Center et al., Respondents.

Argued February 7, 2006; decided April 4, 2006

532

**POINTS OF COUNSEL**

*Fitzgerald & Fitzgerald, P.C.,* Yonkers (*John M. Daly, John E. Fitzgerald, Eugene S.R. Pagano, Mitchell L. Gittin* and *Christopher J. Lennon* of counsel), for appellant. I. An infant claimant does not have to show a nexus between infancy and the delay in moving for leave to serve a late notice of claim. (*Matter of Beary v City of Rye,* 44 NY2d 398; *Giblin v Nassau County Med. Ctr.,* 61 NY2d 67; *Matter of Murray v City of New York,* 30 NY2d 113; *Sherman v Metropolitan Tr. Auth.,* 36 NY2d 776; *Matter of Ziecker v Town of Orchard Park,* 70 AD2d 422, 51 NY2d 957; *Matter of Kurz v New York City Health & Hosps. Corp.,* 174 AD2d 671;

*Matter of Lannon v Town of Henrietta,* 109 AD2d 1067; *Cohen v Pearl Riv. Union Free School Dist.,* 51 NY2d 256; *Matter of Matarrese v New York City Health & Hosps. Corp.,* 215 AD2d 7, 87 NY2d 810; *Ali v Bunny Realty Corp.,* 253 AD2d 356.) II. The hospital's records, which recorded the acts and omissions constituting medical malpractice, gave actual notice of the essential facts constituting plaintiff's claim. (*Matter of Beary v City of Rye,* 44 NY2d 398; *Ansaldo v City of New York,* 92 AD2d 557; *Kavanaugh v Memorial Hosp. & Nursing Home of Greene County,* 126 AD2d 930; *Matter of Quiroz v City of New York,* 154 AD2d 315; *Matter of Sica v Board of Educ. of City of N.Y.,* 226 AD2d 542; *Matter of Shapiro v County of Nassau,* 208 AD2d 545; *Moore v New York City Tr. Auth.,* 189 AD2d 862; *Thomann v City of Rochester,* 256 NY 165; *Matter of Hubbard v City School Dist. of Glen Cove,* 204 AD2d 721.) III. The Appellate Division improperly required claimant to disprove the County of Nassau's unsubstantiated assertion of prejudice. (*Matter of Matarrese v New York City Health & Hosps. Corp.,* 215 AD2d 7; *Matter of Louis Harris & Assoc. v de-Leon,* 84 NY2d 698; *Romanian Am. Interests v Scher,* 94 AD2d 549; *Noseworthy v City of New York,* 298 NY 76; *Shabazz v Sheltering Arms Children's Serv.,* 216 AD2d 230; *Medley v Cichon,* 305 AD2d 643; *Matter of McLaughlin v County of Albany,* 258 AD2d 778; *Matter of Diaz Chem. Corp. v New York State Div. of Human Rights,* 91 NY2d 932; *Love v Spector,* 215 AD2d 733; *Macon v Arnlie Realty Co.,* 207 AD2d 268.) IV. The Appellate Division exercised its discretion based upon errors of law which are reviewable by this Court; the Appellate Division also abused its discretion as a matter of law. (*Harvey v Mazal Am. Partners,* 79 NY2d 218; *Varkonyi v S.A. Empresa De Viacao Airea Rio Grandense [Varig],* 22 NY2d 333; *Matter of Greatsinger,* 67 NY2d 177; *H & J Blits v Blits,* 65 NY2d 1014; *Fahey v County of Ontario,* 44 NY2d 934.) V. The Appellate Division's order is final for purposes of appealability. (*Spodek v Park Prop. Dev. Assoc.,* 96 NY2d 577; *Matter of Colonial Liq. Distribs. v O'Connell,* 295 NY 129; *Matter of Lewin v County of Suffolk,* 239 AD2d 345; *Matter of Lannon v Town of Henrietta,* 87 AD2d 980; *Matter of Daniel J. v New York City Health & Hosps. Corp.,* 77 NY2d 630; *Matter of Persi v Churchville-Chili Cent. School Dist.,* 52 NY2d 988; *Washington v City of New York,* 72 NY2d 881; *Zarrello v City of New York,* 61 NY2d 628; *Barnes v County of Onondaga,* 65 NY2d 664; *Silbernagel v City of New York,* 57 NY2d 691.)

*Lorna B. Goodman, County Attorney,* Mineola (*David B. Goldin* and *Karen Hutson* of counsel), for respondents. I. In

considering whether to grant leave to serve a late notice of claim, a court must consider all of the relevant facts and circumstances, including whether the claimant's infancy excuses the failure to file a timely notice. (*Giblin v Nassau County Med. Ctr.*, 61 NY2d 67; *Cohen v Pearl Riv. Union Free School Dist.*, 51 NY2d 256; *Matter of Wilson v City of Binghamton*, 248 AD2d 780; *Hilton v Town of Richland*, 216 AD2d 921; *Rodriguez v New York City Bd. of Educ.*, 190 AD2d 579, 81 NY2d 1041; *Matter of Sanna v Bethpage Pub. Schools Union Free School Dist. 21*, 193 AD2d 606; *Matter of Andrew T.B. v Brewster Cent. School Dist.*, 18 AD3d 745; *Matter of Matarrese v New York City Health & Hosps. Corp.*, 215 AD2d 7, 87 NY2d 810; *Matter of Gandia v New York City Hous. Auth.*, 173 AD2d 824; *Matter of Kurz v New York City Health & Hosps. Corp.*, 174 AD2d 671.) II. Mere possession of medical records does not necessarily show actual knowledge of the essential facts constituting a claim based on the course of treatment described therein. (*Mills v County of Monroe*, 59 NY2d 307, 464 US 1018; *Sandak v Tuxedo Union School Dist. No. 3*, 308 NY 226; *Matter of Aviles v New York City Health & Hosps. Corp.*, 172 AD2d 237; *Bullard v City of New York*, 118 AD2d 447; *Seymour v New York City Health & Hosps. Corp. [Kings County Hosp. Ctr.]*, 21 AD3d 1025; *Ocasio v New York City Health & Hosps. Corp. [Morrisania Neighborhood Family Care Ctr.]*, 14 AD3d 361; *Matter of Cotten v County of Nassau*, 307 AD2d 965, 1 NY3d 502; *Moise v County of Nassau*, 234 AD2d 275, 89 NY2d 811; *Matter of Caruso v County of Westchester*, 220 AD2d 746; *Matter of D'Anjou v New York City Health & Hosps. Corp.*, 196 AD2d 818, 83 NY2d 796.) III. The Appellate Division properly found that plaintiff had failed to establish that the County of Nassau would not be prejudiced by granting leave to serve a late notice of claim. (*Medley v Cichon*, 305 AD2d 643; *Matter of Micali v Union Free Val. Stream School Dist. #24*, 300 AD2d 661; *Harris v City of New York*, 297 AD2d 473, 99 NY2d 503; *Matter of Turner v Town of Oyster Bay*, 268 AD2d 526; *Matter of Perrault v New York City Tr. Auth.*, 234 AD2d 464; *Walker v New York City Tr. Auth.*, 266 AD2d 54; *Texas Dept. of Community Affairs v Burdine*, 450 US 248; *Matter of McHugh v City of New York*, 293 AD2d 478; *Matter of National Sur. Corp. v Town of Greenburgh*, 266 AD2d 550; *Matter of Bollerman v New York City School Constr. Auth.*, 247 AD2d 469.)

*Michael A. Cardozo, Corporation Counsel,* New York City (*Kristin M. Helmers* and *Janet L. Zaleon* of counsel), for New York City Health and Hospitals Corporation, amicus curiae. The

Appellate Division correctly determined, on the law and in its discretion, that plaintiff should not be granted leave to serve a late notice of claim upon defendant public hospital system. (*Cohen v Pearl Riv. Union Free School Dist.*, 51 NY2d 256; *Abbot v City of New York*, 271 AD2d 364; *Matter of Daniel J. v New York City Health & Hosps. Corp.*, 77 NY2d 630; *Breeden v Valentino*, 19 AD3d 527; *Woods v Geneva Hous. Auth.*, 210 AD2d 991; *Matter of Harwood v County of Albany*, 257 AD2d 747; *Ali v Bunny Realty Corp.*, 253 AD2d 356; *Ocasio v New York City Health & Hosps. Corp. [Morrisania Neighborhood Family Care Ctr.]*, 14 AD3d 361; *Matter of Greene v City of Middletown*, 5 AD3d 384; *Le Mieux v Alden High School*, 1 AD3d 995.)

## OPINION OF THE COURT

ROSENBLATT, J.

In General Municipal Law § 50-e, the Legislature enacted a protocol for serving a notice of claim as a condition precedent to a suit against a public corporation. Section 50-e (1) requires that the notice be served within 90 days after the claim arises. The Legislature, however, gave courts discretion to extend the time and devised criteria for determining whether to grant extensions (*see Cohen v Pearl Riv. Union Free School Dist.*, 51 NY2d 256, 265-266 [1980]).

Section 50-e (5), the late-notice statute, directs the court to consider, in particular, whether within 90 days or a reasonable time thereafter the public corporation (or its attorney or insurance carrier) acquired actual knowledge of the facts underlying the claim. In deciding whether to grant an extension, the court must also consider a host of factors, including infancy and whether allowing late filing would result in substantial prejudice to the public corporation.[1]

In the case before us, the infant plaintiff alleges that his epilepsy and developmental disabilities were the result of

---

**1.** Section 50-e (5) reads in pertinent part:

"Upon application, the court, in its discretion, may extend the time to serve a notice of claim specified in paragraph (a) of subdivision one. The extension shall not exceed the time limited for the commencement of an action by the claimant against the public corporation. In determining whether to grant the extension, the court shall consider, in particular, whether the public corporation or its attorney or its insurance carrier acquired actual knowledge of the essential facts constituting the claim within the time specified in subdivision one or within a reasonable time thereafter. The court shall also consider all other relevant facts and circumstances, including: whether the claimant was an

negligence on the part of Nassau County Medical Center and its employees in connection with his birth in September 1993. The medical employees in attendance gave his mother Pitocin, a drug used to facilitate the birth. The delivery involved two attempts at vacuum extraction and, ultimately, the use of forceps. According to the hospital records, the mother's pelvis was adequate to accommodate the baby's head and the birth was without complication. The infant weighed 8 pounds, 3½ ounces. His Apgar score (an index to evaluate the condition of a newborn infant with 10 being a perfect score) was within satisfactory range: eight at one minute after birth and nine at five minutes after birth. The records also reveal that there were marks on his forehead from the forceps and his clavicle was broken.

In support of his motion for late service of a notice of claim, plaintiff submitted an affidavit from a physician who interpreted the hospital records and alleged that the hospital knew or should have known that complications would and did occur. He averred that the size of the mother's pelvis and signs of fetal distress argued against the use of Pitocin, and that after birth the baby was trembling and showed physical signs of trauma. The defendants argue that plaintiff's disability was not apparent until, at the age of one or two, he began to experience epileptic seizures and show delayed development.

The record reveals that in 1995 plaintiff had an electroencephalogram (EEG), a test to trace his brain waves. The results were normal, but EEGs in 1998 and 1999 showed signs of abnormality. On September 5, 2003, 10 years after plaintiff's birth, his counsel sent the hospital a notice of claim alleging, in essence, that plaintiff suffered brain damage resulting from the hospital's malpractice during his delivery.

Exercising its discretion, Supreme Court granted leave to serve the late notice. The Appellate Division, however, reversed

---

infant, or mentally or physically incapacitated, or died before the time limited for service of the notice of claim; whether the claimant failed to serve a timely notice of claim by reason of his justifiable reliance upon settlement representations made by an authorized representative of the public corporation or its insurance carrier; whether the claimant in serving a notice of claim made an excusable error concerning the identity of the public corporation against which the claim should be asserted; and whether the delay in serving the notice of claim substantially prejudiced the public corporation in maintaining its defense on the merits."

"on the law and as a matter of discretion" (13 AD3d 363, 363 [2d Dept 2004]). We affirm. We will treat the three relevant General Municipal Law § 50-e (5) criteria in their statutory order.

Actual Knowledge of the Essential Facts

■ Plaintiff argues that the Appellate Division erred by requiring that the defendants have actual knowledge of the "specific claim." In support, plaintiff emphasizes that section 50-e (5) contemplates "actual knowledge of the essential facts constituting the claim," not knowledge of a specific legal theory. We agree, but do not read the Appellate Division's decision as deviating from that principle.

The hospital's records reveal that the delivery was difficult, but that when it was over there was scant reason to identify or predict any lasting harm to the child, let alone a developmental disorder or epilepsy. The infant's Apgar scores were satisfactory, and even two years later his EEG was normal. Under these circumstances defendants could well have concluded that when plaintiff left the hospital there was nothing wrong with him beyond a broken clavicle.[2]

We disagree with plaintiff's suggestion that because defendants have medical records, they necessarily have actual knowledge of the facts constituting the claim. Merely having or creating hospital records, without more, does not establish actual knowledge of a potential injury where the records do not evince that the medical staff, by its acts or omissions, inflicted any injury on plaintiff during the birth process.

The relevant inquiry is whether the hospital had actual knowledge of the facts—as opposed to the legal theory— underlying the claim. Where, as here, there is little to suggest injury attributable to malpractice during delivery, comprehending or recording the facts surrounding the delivery cannot equate to knowledge of facts underlying a claim.

Infancy

■ As to this factor, plaintiff claims that the Appellate Division improperly required that he show a "nexus" between his infancy and the delay in service, or, put differently, that the

---

**2.** Cf. Medley v Cichon, 305 AD2d 643 (2d Dept 2003) (where hospital records indicated, among other things, that infant plaintiff required resuscitation and had an Apgar score of zero, actual knowledge of injury was established).

delay was a product of his infancy. The history of section 50-e (5) and the case law demonstrate that a nexus between infancy and delay, while not a requirement, remains a statutory factor that a court should take into account. The Appellate Division concluded that "the 10-year delay in moving, in effect, for leave to serve a late notice of claim was not the product of the plaintiff's infancy" (13 AD3d at 364). Its holding does not treat the absence of a nexus as fatal to a plaintiff's claim.

Before 1976, section 50-e (5) allowed late service, at the discretion of the court, "[w]here the claimant is an infant, or is mentally or physically incapacitated, *and by reason of such disability* fails to serve a notice of claim within the time specified" (emphasis supplied). Even then, this causation requirement was not inflexible. Analyzing the previous version of the statute, we stated in *Matter of Murray v City of New York* (30 NY2d 113 [1972]) that "[t]he impediment [to timely filing] may reasonably be presumed to attend infancy; there is no requirement that it be factually demonstrated" (*id.* at 120). Rather, the causative relationship between infancy and the delay was a matter committed to the court's discretion, in view of the circumstances in a given case (*id.* at 119; *see also Sherman v Metropolitan Tr. Auth.*, 36 NY2d 776 [1975]).

The Legislature deleted the causation language and added a list of considerations that should come into play, including the simple fact of infancy. This change, however, does not preclude a court from examining whether infancy caused the delay in serving the notice. In deciding whether to allow late service of a notice of claim the court must consider "all other relevant facts and circumstances" (General Municipal Law § 50-e [5]). A delay of service caused by infancy would make a more compelling argument to justify an extension. Conversely, the lack of a causative nexus may make the delay less excusable, but not fatally deficient. It all goes into the mix. The Appellate Division, we conclude, did not exceed its discretion by pointing out that, among other reasons for denying an extension, the delay was not the product of plaintiff's infancy.

Substantial Prejudice

Plaintiff also asks us to hold that the Appellate Division incorrectly burdened him with the responsibility of showing lack of substantial prejudice to the defendants as a result of late service of the notice of claim. Although the length of the delay is

not alone dispositive, it is influential.[3] Here, there was a 10-year delay.

On the theory that the hospital knew or should have known of the essential facts constituting his claim, plaintiff argues that the defendants were not substantially prejudiced. Like the length of the delay in service, proof that the defendant had actual knowledge is an important factor in determining whether the defendant is substantially prejudiced by such a delay.[4] We have no cause to disturb the Appellate Division's determination that defendants did not have actual knowledge. Accordingly, that Court's finding of substantial prejudice was within its discretion.

In summary, the 1976 amendments to section 50-e (5) deemphasized the importance of a nexus between a plaintiff's infancy and the delay in service of a notice of claim. The statute now contains a nonexhaustive list of factors that the court should weigh, and compels consideration of all relevant facts and circumstances. This approach provides flexibility for the courts and requires them to exercise discretion. Under the pre-1976 version of the statute, we noted that "[w]here satisfied that the court has acted within the perimeters of reason, we have consistently affirmed the exercise of discretion whether it has been invoked to sustain or deny grants of permission for late filing" (*Matter of Murray*, 30 NY2d at 119). In line with that premise, we find no abuse of discretion by the Appellate Division.

Accordingly, the Appellate Division order should be affirmed, with costs.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, GRAFFEO, READ and R.S. SMITH concur.

Order affirmed, with costs.

---

3. In an analogous situation, commencing an action or special proceeding, late service is permissible under CPLR 306-b "upon good cause shown or in the interest of justice." We have noted, in that context, that lengthy delays in service can lead a court to infer substantial prejudice (*Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95, 107 [2001]).

4. *See e.g. Matter of Andrew T.B. v Brewster Cent. School Dist.*, 18 AD3d 745, 748 (2d Dept 2005); *Bazer v Town of Walworth*, 277 AD2d 994, 995 (4th Dept 2000); *Matter of Battle v City of New York*, 261 AD2d 614, 615 (1st Dept 1999); *Matter of Hunt v County of Madison*, 261 AD2d 695, 696 (3d Dept 1999).