■ OSCAR IBARRA, Appellant, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION (WOODHULL MEDICAL & MENTAL HEALTH CENTER) et al., Respondents. [830 NYS2d 580]—

In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Steinhardt, J.), dated May 31, 2005, which

denied his motion, among other things, for leave to serve a late notice of claim or, alternatively, to deem his notice of claim timely served, nunc pro tunc, and granted the cross motion of the defendant New York City Health and Hospitals Corporation (Woodhull Medical & Mental Health Center) pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint insofar as asserted against it on the ground that the plaintiff failed to serve a timely notice of claim.

Ordered that the order is affirmed, with costs.

The plaintiff, born in September 1994, received pediatric care until August 1996 at Woodhull Medical & Mental Health Center (hereinafter Woodhull), a facility owned and operated by the defendant New York City Health and Hospitals Corporation (hereinafter NYCHHC). In December 1995 and again in May 1996 the plaintiff was diagnosed at Woodhull with elevated levels of lead in his blood. In March 2004, without leave of the court, the plaintiff served a notice of claim upon NYCHHC, alleging that health care providers at Woodhull negligently failed to screen and treat him for lead exposure. In December 2004 the plaintiff moved, inter alia, for leave to serve a late notice of claim on NYCHHC or, alternatively, to deem his untimely notice of claim timely served, nunc pro tunc. NYCHHC cross-moved pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint insofar as asserted against it on the ground that the plaintiff failed to serve a timely notice of claim. The Supreme Court denied the plaintiff's motion, inter alia, for leave to serve a late notice of claim and granted the NYCHHC's cross motion.

Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in denying his motion after considering all of the relevant facts (*see* General Municipal Law § 50-e [5]; *Williams v Nassau County Med. Ctr.,* 6 NY3d 531, 537 [2006]; *Breeden v Valentino,* 19 AD3d 527, 528 [2005]). The plaintiff failed to demonstrate a reasonable excuse for the approximately 4¹/₂-year delay between the time he commenced this action against the owner of the building that was the alleged source of his lead exposure, and the time he served his notice of claim upon NYCHHC and sought to add it as a defendant, or to demonstrate that the lengthy delay at issue did not substantially prejudice NYCHHC's ability to investigate his claim and maintain a defense on the merits (*see Williams v Nassau County Med. Ctr., supra; Matter of Dumancela v New York City Health & Hosps. Corp.,* 32 AD3d 515, 516 [2006]; *Seymour v New York City Health & Hosps. Corp. [Kings County Hosp. Ctr.],* 21 AD3d 1025, 1027 [2005]). Thus, the Supreme Court also properly granted NYCHHC's cross motion pursuant

662

to CPLR 3211 (a) (7) to dismiss the amended complaint insofar as asserted against it on the ground that the plaintiff failed to serve a timely notice of claim. Ritter, J.P., Santucci, Skelos and Dickerson, JJ., concur.