JADA ROWE, Appellant, v NASSAU HEALTH CARE CORPORATION et al., Respondents. [871 NYS2d 330]—

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

In exercising its discretion in determining whether to grant leave to serve a late notice of claim, the court must consider various factors, including whether (1) the claimant is an infant, (2) the movant has demonstrated a reasonable excuse for failing to serve a timely notice of claim, (3) the public corporation acquired actual knowledge of the facts constituting the claim within 90 days of its accrual or a reasonable time thereafter, and (4) the delay would substantially prejudice the public corporation in defending on the merits (*see* General Municipal Law § 50-e [5]; *Williams v Nassau County Med. Ctr.,* 13 AD3d 363, 364 [2004], *affd* 6 NY3d 531 [2006]; *Matter of Flores v County of Nassau,* 8 AD3d 377 [2004]; *Matter of Cotten v County of Nassau,* 307 AD2d 965 [2003]; *Matter of Matarrese v New York City Health & Hosps. Corp.,* 215 AD2d 7, 9 [1995]).

A claimant's infancy will automatically toll the applicable one year and 90-day statute of limitations for commencing an action against a municipality (*see* General Municipal Law § 50-i; *Henry v City of New York,* 94 NY2d 275 [1999]). "However, the factor of infancy alone does not compel the granting of a motion for leave to serve a late notice of claim" (*Williams v Nassau County Med. Ctr.,* 13 AD3d at 364; *see Matter of Flores v County of Nassau,* 8 AD3d at 377; *Matter of Cotten v County of Nassau,* 307 AD2d 965 [2003]). In this case, the plaintiff served a notice of claim upon the defendants approximately four years and four months after the alleged medical malpractice. The delay in serving the notice of claim and, thereafter, in moving to deem the notice of claim timely served, was not the product of the

plaintiff's infancy (*see Williams v Nassau County Med. Ctr.,* 13 AD3d at 364; *Matter of Flores v County of Nassau,* 8 AD3d at 378; *Matter of Cotten v County of Nassau,* 307 AD2d 965 [2003]; *Matter of Nairne v New York City Health & Hosps. Corp.,* 303 AD2d 409 [2003]; *Berg v Town of Oyster Bay,* 300 AD2d 330 [2002]; *Matter of Brown v County of Westchester,* 293 AD2d 748 [2002]; *Matter of Matarrese v New York City Health & Hosps. Corp.,* 215 AD2d 7, 9 [1995]).

In addition, although General Municipal Law § 50-e (5) does not expressly enumerate as a factor whether the plaintiff has a reasonable excuse for not serving a timely notice of claim, in numerous cases construing the statute, courts have considered such a factor (*see e.g. Matter of Felice v Eastport/South Manor Cent. School Dist.,* 50 AD3d 138, 150 [2008]; *Bridgeview at Babylon Cove Homeowners Assn., Inc. v Incorporated Vil. of Babylon,* 41 AD3d 404, 405-406 [2007]; *Casias v City of New York,* 39 AD3d 681, 683 [2007]; *Matter of Corvera v Nassau County Health Care Corp.,* 38 AD3d 775, 777 [2007]). Thus, while the absence of a reasonable excuse does not compel the denial of leave, when, as here, that absence is coupled with other factors such as prejudice to the municipality and lack of notice, leave must be denied (*see Matter of Cotten v County of Nassau,* 307 AD2d 965, 966 [2003]; *Matter of Morrison v New York City Health & Hosps. Corp.,* 244 AD2d 487, 487-488 [1997]; *Matter of D'Anjou v New York City Health & Hosps. Corp.,* 196 AD2d 818, 820 [1993]).

The plaintiff failed to establish that the defendant had actual notice of the claim within the requisite 90-day period, or within a reasonable time thereafter. Although the defendant was in possession of the pertinent medical records, that alone was insufficient to establish notice of the specific claim. "The municipality must have notice or knowledge of the specific claim and not general knowledge that a wrong has been committed" (*Matter of Sica v Board of Educ. of City of N.Y.,* 226 AD2d 542, 543 [1996]; *see Matter of Brown v County of Westchester,* 293 AD2d 748, 749 [2002]). "Merely having or creating hospital records, without more, does not establish actual knowledge of a potential injury where the records do not evince that the medical staff, *by its acts or omissions,* inflicted any injury on plaintiff" (*Williams v Nassau County Med. Ctr.,* 6 NY3d at 537 [emphasis added]).

Moreover, the plaintiff failed to establish that the defendant would not be substantially prejudiced in maintaining its defense on the merits (*see Williams v Nassau County Med. Ctr.,* 13 AD3d at 364-365; *Matter of Flores v County of Nassau,* 8 AD3d at 378;

*Moise v County of Nassau,* 234 AD2d 275 [1996]; *Matter of Matarrese v New York City Health & Hosps. Corp.,* 215 AD2d 7, 11 [1995]). Rivera, J.P., Angiolillo, Eng and Belen, JJ., concur.