■ In the Matter of IVANNA GONZALEZ, Appellant, v CITY OF NEW YORK, Respondent, and NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Respondent. [876 NYS2d 139]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioner appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Flug, J.), dated January 4, 2008, as denied the petition and dismissed the proceeding.

Ordered that the order is affirmed insofar as appealed from, with costs.

In determining whether to grant leave to serve a late notice of claim, the court must consider several factors, including whether (1) an infant is involved, (2) there is a reasonable excuse for the delay, (3) the public corporation acquired actual knowledge of the facts underlying the claim within 90 days or a reasonable time thereafter, and (4) the delay in serving the notice of claim would result in substantial prejudice to the public corporation defending on the merits (see General Municipal Law § 50-e [5]; *Beretey v New York City Health & Hosps. Corp. [Elmhurst Hosp. Ctr.]*, 56 AD3d 591 [2008]; *Arias v New York City Health & Hosps. Corp. [Kings County Hosp. Ctr.]*, 50 AD3d 830, 832 [2008]). Actual knowledge of the essential facts is an important factor in determining whether to grant an extension and " ' "should be accorded great weight" ' " (*Matter of Brownstein v Incorporated Vil. of Hempstead*, 52 AD3d 507, 509 [2008], quoting *Matter of Dell'Italia v Long Is. R.R. Corp.*, 31 AD3d 758, 759 [2006]; *see Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138, 148 [2008]).

The record does not support the petitioner's contention that the New York City Health and Hospitals Corporation (hereinafter the hospital) acquired actual knowledge of the facts constituting the claim within 90 days after accrual of the claim or a reasonable time thereafter by virtue of its possession of the medical records pertaining to the delivery of the petitioner's child or the child's subsequent care at the hospital (*see Lucero v New York City Health & Hosps. Corp. [Elmhurst Hosp. Ctr.]*, 33 AD3d 977, 979 [2006]; *Matter of Rios v Westchester County Healthcare Corp.*, 32 AD3d 540, 541 [2006]). There was no

indication in hospital's records to support the claims of the petitioner and her expert that the child suffered from hypotonia, hip dysplasia, or other impairment, either at the time of her birth or at any time during her follow-up visits, the last of which occurred four months after her birth (*see Beretey v New York City Health & Hosps. Corp. [Elmhurst Hosp. Ctr.]*, 56 AD3d 591 [2008]; *Matter of King v New York City Health & Hosps. Corp.*, 42 AD3d 499, 500-501 [2007]; *Matter of Rios v Westchester County Healthcare Corp.*, 32 AD3d at 541-542; *Seymour v New York City Health & Hosps. Corp. [Kings County Hosp. Ctr.]*, 21 AD3d 1025, 1026 [2005]). Furthermore, there is nothing in the hospital's records to suggest that the hospital had knowledge of the petitioner's claim that it failed to diagnose and treat these conditions (*see Lucero v New York City Health & Hosps. Corp. [Elmhurst Hosp. Ctr.]*, 33 AD3d at 979).

Furthermore, the petitioner failed to provide a reasonable excuse for her delay in seeking leave to serve a late notice of claim. The delay in consulting with counsel cannot be attributed to the child's infancy or the petitioner's need to provide the child with extraordinary care (*see Matter of King v New York City Health & Hosps. Corp.*, 42 AD3d 499 [2007]; *Matter of Dumancela v New York City Health & Hosps. Corp.*, 32 AD3d 515 [2006]; *Matter of Matarrese v New York City Health & Hosps. Corp.*, 215 AD2d 7, 9-10 [1995]). Finally, the petitioner failed to show that the hospital would not be substantially prejudiced by her delay in seeking leave to serve a late notice of claim (*see Beretey v New York City Health & Hosps. Corp. [Elmhurst Hosp. Ctr.]*, 56 AD3d 591 [2008]; *Matter of Flores v County of Nassau*, 8 AD3d 377, 378 [2004]; *Matter of D'Anjou v New York City Health & Hosps. Corp.*, 196 AD2d 818, 820-821 [1993]). Skelos, J.P., Santucci, Angiolillo, Dickerson and Chambers, JJ., concur.