*628 In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Levine, J.), dated October 12, 2007, which denied her motion to deem her late notice of claim timely served nunc pro tunc, or for leave to serve a late notice of claim, and granted the cross motion of the defendant New York City Health and Hospitals Corporation (Woodhull Medical and Mental Health Center) to dismiss the complaint insofar as asserted against it.
Ordered that the order is affirmed, with costs.
The plaintiff was born at Woodhull Medical and Mental Health Center (hereinafter Woodhull) on June 7, 1995 and received pediatric care at Woodhull during her early childhood. On March 21, 1997, and again on November 3, 1997, the plaintiff was diagnosed at Woodhull with elevated levels of lead in her blood. On or about September 20, 2004, without obtaining leave of the court, the plaintiff served a late notice of claim on the defendant New York City Health and Hospitals Corporation (Woodhull Medical and Mental Health Center) (hereinafter NYCHHC) alleging, inter alia, that Woodhull’s medical staff had committed malpractice by failing to give her mother anticipatory guidance to prevent lead poisoning. More than two years later, on March 19, 2007, the plaintiff moved to deem her late notice of claim timely served nunc pro tunc or for leave to serve a late notice of claim. NYCHHC cross-moved to dismiss the complaint insofar as asserted against it based on the plaintiffs failure to serve a timely notice of claim. The Supreme Court denied the plaintiffs motion, and granted NYCHHC’s cross motion. We affirm.
To the extent that the plaintiff’s claim is predicated on alleged acts of malpractice that occurred prior to March 19, 1997, the Supreme Court properly concluded that her motion was untimely. The time period during which an extension of time to serve a late notice of claim may be granted is coextensive with the statute of limitations governing the claim (see General Municipal Law § 50-e [5]). Thus, if the limitations period is tolled under CPLR 208, there is a concomitant tolling of the time period during which a late notice of claim may be served (see Pierson v City of New York, 56 NY2d 950, 954 [1982]; Carter v City of New York, 38 AD3d 702, 704 [2007]; Matter of Butler v Town of Ramapo, 242 AD2d 570, 571 [1997]). In medical malpractice actions which accrue during infancy, the extension is limited to 10 years from the time of accrual (see CPLR 208; Matter of Daniel J. v New York City Health & Hosps. Corp., 77 *629 NY2d 630, 634 [1991]). Since the plaintiffs motion was served on March 19, 2007 it is timely only as to any claims that accrued on or after March 19, 1997 (see Matter of Daniel J. v New York City Health & Hosps. Corp., 77 NY2d 630, 634 [1991]; see also General Construction Law § 20; Rivera v Brookdale Hosp. Med. Ctr., 205 AD2d 677, 678 [1994]).
To the extent that the plaintiffs claim is predicated on alleged acts of malpractice that occurred on or after March 19, 1997, although the motion was timely as to those claims, a balancing of the relevant factors leads us to conclude that her late notice of claim should not be deemed timely served as to those claims. In exercising its discretion to grant leave to serve a late notice of claim, the court must consider various factors, including whether (1) the claimant is an infant, (2) the movant has demonstrated a reasonable excuse for failing to serve a timely notice of claim, (3) the public corporation acquired actual knowledge of the facts constituting the claim within 90 days of its accrual or a reasonable time thereafter, and (4) the delay would substantially prejudice the public corporation in defending on the merits (see General Municipal Law § 50-e [5]; Matter of Gonzalez v City of New York, 60 AD3d 1058, 1059 [2009]; Beretey v New York City Health & Hosps. Corp. [Elmhurst Hosp. Ctr.], 56 AD3d 591, 593 [2008]; Arias v New York City Health & Hosps. Corp. [Kings County Hosp. Ctr.], 50 AD3d 830, 831 [2008]).
Here, while the plaintiff is an infant, “the factor of infancy alone does not compel the granting of a motion for leave to serve a late notice of claim” (Arias v New York City Health & Hosps. Corp. [Kings County Hosp. Ctr.], 50 AD3d 830, 832 [2008]; see Rowe v Nassau Health Care Corp., 57 AD3d 961, 962 [2008]). The plaintiff did not move for leave to deem her late notice of claim timely served until more than nine years after she was last diagnosed at Woodhull with an elevated blood lead level, and this delay was not a product of her infancy (see Matter of Ali v New York City Health & Hosps. Corp., 61 AD3d 860, 861 [2009]; Rowe v Nassau Health Care Corp., 57 AD3d 961, 962-963 [2008]; Arias v New York City Health & Hosps. Corp. [Kings County Hosp. Ctr.], 50 AD3d 830, 832 [2008]). Moreover, the plaintiff failed to offer a reasonable excuse for her failure to serve a timely notice of claim on NYCHHC (see Rowe v Nassau Health Care Corp., 57 AD3d 961, 963 [2008]; Arias v New York City Health & Hosps. Corp. [Kings County Hosp. Ctr.], 50 AD3d 830, 832 [2008]; Ibarra v New York City Health & Hosps. Corp. [Woodhull Med. & Mental Health Ctr.], 37 AD3d 660 [2007]).
The plaintiff also failed to show that NYCHHC had actual no *630 tice of her claim within the requisite 90-day period, or within a reasonable time thereafter. Although NYCHHC was in possession of the plaintiffs pediatric medical records, these records show that her blood lead level declined during the period when Woodhull’s medical staff allegedly failed to provide anticipatory guidance, and do not suggest that the plaintiff suffered an injury attributable to any acts of medical malpractice (see Williams v Nassau County Med. Ctr., 6 NY3d 531, 537 [2006]; Beretey v New York City Health & Hosps. Corp. [Elmhurst Hosp. Ctr.], 56 AD3d 591, 593 [2008]). “Merely having or creating hospital records, without more, does not establish actual knowledge of a potential injury where the records do not evince that the medical staff, by its acts or omissions, inflicted any injury on” the plaintiff (Williams v Nassau County Med. Ctr., 6 NY3d 531, 537 [2006]; see Rowe v Nassau Health Care Corp., 57 AD3d 961, 963 [2008]; Arias v New York City Health & Hosps. Corp. [Kings County Hosp. Ctr.], 50 AD3d 830, 833 [2008]). In addition, the plaintiff failed to establish that the lengthy delay at issue did not substantially prejudice NYCHHC’s ability to investigate her claim and maintain a defense on the merits (see Matter of Ali v New York City Health & Hosps. Corp., 61 AD3d 860, 861 [2009]; Matter of Gonzalez v City of New York, 60 AD3d 1058, 1060 [2009]; Arias v New York City Health & Hosps. Corp. [Kings County Hosp. Ctr.], 50 AD3d 830, 833 [2008]; Ibarra v New York City Health & Hosps. Corp. [Woodhull Med. & Mental Health Ctr.], 37 AD3d 660, 661 [2007]). Mastro, J.P., Eng, Belen and Hall, JJ., concur.