■ In the Matter of GABRIELLE BARNES et al., Appellants, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Respondent. [893 NYS2d 613]—

In exercising its discretion to grant leave to serve a late notice of claim, the court must consider various factors, including whether (1) the claimant is an infant, (2) the movant has demonstrated a reasonable excuse for failing to serve a timely notice of claim, (3) the public corporation acquired actual knowledge of the facts constituting the claim within 90 days of its accrual or a reasonable time thereafter, and (4) the delay would substantially prejudice the public corporation in defending on the merits (*see* General Municipal Law § 50-e [5]; *Contreras v KBM Realty*

*Corp.*, 66 AD3d 627 [2009]; *Matter of Gonzalez v City of New York*, 60 AD3d 1058, 1059 [2009]; *Rowe v Nassau Health Care Corp.*, 57 AD3d 961, 962 [2008]).

Here, while the petitioners sought leave to serve a late notice of claim on behalf of an infant, this factor alone does not compel granting the application (*see Contreras v KBM Realty Corp.*, 66 AD3d 627 [2009]; *Arias v New York City Health & Hosps. Corp. [Kings County Hosp. Ctr.]*, 50 AD3d 830, 832 [2008]; *Rowe v Nassau County Health Care Corp.*, 57 AD3d at 962; *Matter of Flores v County of Nassau*, 8 AD3d 377, 378 [2004]). Furthermore, the petitioners failed to satisfactorily explain their lengthy delay in seeking leave to serve a late notice of claim on behalf of the infant petitioner (*see Webb v New York City Health & Hosps. Corp.*, 50 AD3d 265 [2008]; *Matter of del Carmen v Brentwood Union Free School Dist.*, 7 AD3d 620, 621 [2004]; *see also Seymour v New York City Health & Hosps. Corp. [Kings County Hosp. Ctr.]*, 21 AD3d 1025, 1026-1027 [2005]).

The petitioners also failed to establish that the New York City Health and Hospitals Corporation (hereinafter the NYCHHC) acquired actual knowledge of the facts constituting the claim within the requisite 90-day period, or a reasonable time thereafter, by virtue of its possession of hospital records relating to the infant petitioner's treatment (*see Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 537 [2006]; *Matter of Gonzalez v City of New York*, 60 AD3d at 1059-1060). "Merely having or creating hospital records, without more, does not establish actual knowledge of a potential injury where the records do not evince that the medical staff, by its acts or omissions, inflicted any injury" on the claimant (*Williams v Nassau County Med. Ctr.*, 6 NY3d at 537; *see Contreras v KBM Realty Corp.*, 66 AD3d 627 [2009]; *Matter of Ali v New York City Health & Hosps. Corp.*, 61 AD3d 860, 861 [2009]; *Rowe v Nassau County Health Care Corp.*, 57 AD3d at 963; *Arias v New York City Health & Hosps. Corp. [Kings County Hosp. Ctr.]*, 50 AD3d at 833). Finally, the petitioners failed to show that the NYCHHC would not be substantially prejudiced in maintaining a defense on the merits as a result of their delay (*see Williams v Nassau County Med. Ctr.*, 6 NY3d at 539; *Contreras v KBM Realty Corp.*, 66 AD3d 627 [2009]; *Matter of Ali v New York City Health & Hosps. Corp.*, 61 AD3d at 861; *Matter of Gonzalez v City of New York*, 60 AD3d at 1060; *Matter of Rios v Westchester County Healthcare Corp.*, 32 AD3d 540, 541-542 [2006]).

Accordingly, the Supreme Court properly denied that branch of the petitioners' motion which was for leave to serve a late notice of claim on behalf of the infant petitioner.

The petitioners' remaining contention is without merit. Mastro, J.P., Balkin, Belen and Chambers, JJ., concur.