■ SOPHIE ARGUETA, an Infant, by her Mother and Natural Guardian, ISELA ARGUETA, Appellant, et al., Plaintiff, v NEW YORK CITY HEALTH & HOSPITALS CORPORATION (CONEY ISLAND HOSPITAL), Respondent. [905 NYS2d 611]—

In an action to recover damages for medical malpractice, etc., the infant plaintiff, Sophie Argueta, appeals from an order of the Supreme Court, Kings County (Hurkin-Torres, J.), dated January 9, 2009, which denied her motion to deem her late notice of claim timely served nunc pro tunc, or, in the alternative, for leave to serve a late notice of claim.

Ordered that the order is affirmed, with costs.

In exercising its discretion to grant leave to serve a late notice of claim, the court must consider various factors, including whether (1) the claimant is an infant, (2) the claimant has demonstrated a reasonable excuse for failing to serve a timely notice of claim, (3) the public corporation acquired actual knowledge of the facts constituting the claim within 90 days of its accrual or a reasonable time thereafter, and (4) the delay would substantially prejudice the public corporation in defending on the merits (*see* General Municipal Law § 50-e [5]; *Matter of Barnes v New York City Health & Hosps. Corp.*, 69 AD3d 934 [2010]; *Contreras v KBM Realty Corp.*, 66 AD3d 627, 629 [2009]; *Matter of Gonzalez v City of New York*, 60 AD3d 1058, 1059 [2009]; *Rowe v Nassau Health Care Corp.*, 57 AD3d 961, 962 [2008]). Actual knowledge of the essential facts is an important factor in determining whether to grant an extension, and should be accorded great weight (*see Matter of Gonzalez v City of New York*, 60 AD3d at 1059; *Beretey v New York City Health & Hosps. Corp. [Elmhurst Hosp. Ctr.]*, 56 AD3d 591, 593 [2008]).

Contrary to the infant plaintiff's contention, the defendant New York City Health and Hospitals Corporation (Coney Island Hospital) (hereinafter NYCHHC) did not acquire actual knowledge of the facts constituting her claim within the requisite 90-

day period, or a reasonable time thereafter, by virtue of its possession of hospital records relating to her delivery and follow-up care (see Williams v Nassau County Med. Ctr., 6 NY3d 531, 537 [2006]; Matter of Gonzalez v City of New York, 60 AD3d at 1059-1060). "Merely having or creating hospital records, without more, does not establish actual knowledge of a potential injury where the records do not evince that the medical staff, by its acts or omissions, inflicted any injury" on the claimant (Williams v Nassau County Med. Ctr., 6 NY3d at 537; see Contreras v KBM Realty Corp., 66 AD3d at 630; Matter of Ali v New York City Health & Hosps. Corp., 61 AD3d 860, 861 [2009]; Rowe v Nassau Health Care Corp., 57 AD3d at 963; Arias v New York City Health & Hosps. Corp. [Kings County Hosp. Ctr.], 50 AD3d 830, 833 [2008]).

Furthermore, the infant plaintiff did not move to deem her late notice of claim timely served nunc pro tunc, or, in the alternative, for leave to serve a late notice of claim until more than six years after she was last treated at the hospital, and this delay was not a product of her infancy (see Contreras v KBM Realty Corp., 66 AD3d at 629; Matter of Ali v New York City Health & Hosps. Corp., 61 AD3d at 861; Rowe v Nassau Health Care Corp., 57 AD3d at 962-963). Moreover, the infant plaintiff failed to offer a reasonable excuse for her failure to serve a timely notice of claim on the NYCHHC (see Contreras v KBM Realty Corp., 66 AD3d at 629; Rowe v Nassau Health Care Corp., 57 AD3d at 963).

The infant plaintiff also failed to show that the NYCHHC would not be substantially prejudiced in maintaining a defense on the merits as a result of the delay (see Williams v Nassau County Med. Ctr., 6 NY3d at 539; Matter of Barnes v New York City Health & Hosps. Corp., 69 AD3d 934 [2010]; Contreras v KBM Realty Corp., 66 AD3d at 630; Matter of Ali v New York City Health & Hosps. Corp., 61 AD3d at 861; Matter of Gonzalez v City of New York, 60 AD3d at 1060; Matter of Rios v Westchester County Healthcare Corp., 32 AD3d 540, 541-542 [2006]). Accordingly, the Supreme Court providently exercised its discretion in denying the infant plaintiff's motion. Mastro, J.P., Covello, Eng and Belen, JJ., concur.