■ In the Matter of ROBERT GENTILE, Appellant, v WESTCHESTER MEDICAL CENTER et al., Respondents. [929 NYS2d 330]—

"A court, after considering all relevant facts and circumstances presented to it, has the discretion to extend the time to serve a notice of claim" (*Erichson v City of Poughkeepsie Police Dept.*, 66 AD3d 820, 821 [2009]; *see* General Municipal Law § 50-e [5]; *Matter of Canty v City of New York*, 273 AD2d 467, 467 [2000]; *Matter of Battle v City of New York*, 261 AD2d 614 [1999]). A factor that should be accorded great weight is whether the public corporation acquired actual notice of the essential facts constituting the claim within 90 days of the accrual of the claim or within a reasonable time thereafter (*see Argueta v New York City Health & Hosps. Corp. [Coney Is. Hosp.]*, 74 AD3d 713 [2010]; *Matter of Gonzalez v City of New York*, 60 AD3d 1058, 1059 [2009]; *Beretey v New York City Health & Hosps. Corp. [Elmhurst Hosp. Ctr.]*, 56 AD3d 591, 593 [2008]; *Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138, 147 [2008]).

Here, the petitioner failed to show that the respondent Westchester Medical Center (hereinafter WMC) had actual knowledge of the facts constituting his claim within the requisite 90-

day period or within a reasonable time thereafter. There was no indication in WMC's records to support the claims of the petitioner and his expert that WMC failed to properly manage, monitor, and control his electrolytes or that the stroke he suffered allegedly was caused by that failure (*see Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 537 [2006]; *Contreras v KBM Realty Corp.*, 66 AD3d 627, 630 [2009]; *Matter of Gonzalez v City of New York*, 60 AD3d at 1060; *Beretey v New York City Health & Hosps. Corp. [Elmhurst Hosp. Ctr.]*, 56 AD3d at 593; *Matter of King v New York City Health & Hosps. Corp.*, 42 AD3d 499, 500-501 [2007]). Furthermore, there was no indication in WMC's records to indicate that WMC had knowledge of those claims (*see Matter of Gonzalez v City of New York*, 60 AD3d at 1060; *Lucero v New York City Health & Hosps. Corp. [Elmhurst Hosp. Ctr.]*, 33 AD3d 977, 979 [2006]). Moreover, the petitioner failed to demonstrate that the over one-year delay in seeking leave to serve a late notice of claim did not substantially prejudice WMC in maintaining a defense on the merits (*see Matter of Acosta v City of New York*, 39 AD3d 629, 630 [2007]; *Matter of Henriques v City of New York*, 22 AD3d 847, 848 [2005]). Accordingly, the Supreme Court providently exercised its discretion in denying the petition and, in effect, dismissing the proceeding. Mastro, J.P., Balkin, Chambers and Sgroi, JJ., concur.