■ In the Matter of KENNETH MAGANA, an Infant, by His Mother and Natural Guardian, ILSI SALGUERO, et al., Respondents, v WESTCHESTER COUNTY HEALTH CARE CORPORATION et al., Appellants. [932 NYS2d 363]—

In exercising its discretion to grant leave to serve a late notice of claim, a court must consider various factors, including whether (1) the claimant has demonstrated a reasonable excuse for failing to serve a timely notice of claim, (2) the claimant was an infant, or mentally or physically incapacitated, (3) the public corporation acquired actual knowledge of the facts constituting the claim within 90 days of its accrual or a reasonable time thereafter, and (4) the delay would substantially prejudice the public corporation in defending on the merits (*see* General Municipal Law § 50-e [5]; *Matter of Iacone v Town of Hempstead*, 82 AD3d 888 [2011]; *Matter of Barnes v New York City Health*

& Hosps. Corp., 69 AD3d 934 [2010]; Matter of Chambers v Nassau County Health Care Corp., 50 AD3d 1134, 1135 [2008]).

While the petitioner Kenneth Magana (hereinafter the petitioner) is an infant, the factor of infancy alone does not compel the granting of a petition for leave to serve a late notice of claim (see Contreras v KBM Realty Corp., 66 AD3d 627, 629 [2009]; Matter of Ali v New York City Health & Hosps. Corp., 61 AD3d 860, 861 [2009]; Rowe v Nassau Health Care Corp., 57 AD3d 961, 962-963 [2008]). The delays in serving the notice of claim and, thereafter, in commencing this proceeding pursuant to General Municipal Law § 50-e for leave to serve a late notice of claim, were not the product of the petitioner's infancy, and no other excuse was proffered for the delays (see Williams v Nassau County Med. Ctr., 6 NY3d 531, 538 [2006]; Contreras v KBM Realty Corp., 66 AD3d at 629; Rowe v Nassau Health Care Corp., 57 AD3d at 962-963; Arias v New York City Health & Hosps. Corp. [Kings County Hosp. Ctr.], 50 AD3d 830, 832 [2008]). Furthermore, the evidence submitted by the petitioner failed to establish that the appellants had actual knowledge of the essential facts constituting the claim within the requisite 90-day period or a reasonable time thereafter (see Williams v Nassau County Med. Ctr., 6 NY3d at 538; Argueta v New York City Health & Hosps. Corp. [Coney Is. Hosp.], 74 AD3d 713, 713-714 [2010]; Matter of Rios v Westchester County Healthcare Corp., 32 AD3d 540, 541-542 [2006]; Matter of Alessi v County of Nassau, 85 AD2d 725, 726 [1981]). Finally, the petitioner failed to establish that the appellants would not be substantially prejudiced in maintaining a defense on the merits as a result of the delay (see Williams v Nassau County Med. Ctr., 6 NY3d at 539; Argueta v New York City Health & Hosps. Corp. [Coney Is. Hosp.], 74 AD3d at 714; Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d 138, 152 [2008]). Dillon, J.P., Dickerson, Leventhal, Austin and Miller, JJ., concur.