In this medical malpractice action, the motion court properly exercised its discretion in denying the infant plaintiffs motion upon consideration of the pertinent statutory factors (General Municipal Law § 50-e [5]). The infant plaintiffs mother’s excuse that she was unaware that she had a malpractice claim until she saw counsel’s advertisement more than 44/2 years after the infant plaintiffs birth and more than 3V2 years after she became aware of his injuries is unreasonable (see Plaza v New York Health & Hosps. Corp. [Jacobi Med. Ctr.], 97 AD3d 466, 467-468 [1st Dept 2012]). Additionally, there was no excuse for the more than three-year delay from the time the notice was served until the instant motion was made.
Moreover, while plaintiffs expert interpreted the hospital records in a manner that supported his theory of liability, the records do not, on their face, evince that the hospital’s acts or omissions inflicted injuries on the infant and thus, did not provide defendant hospital with timely, actual knowledge of the underlying claim (see Williams v Nassau County Med. Ctr., 6 NY3d 531, 537 [2006]; Webb v New York City Health & Hosps. Corp., 50 AD3d 265 [1st Dept 2008]).
We have considered plaintiffs remaining arguments and find them unavailing. Concur — Andrias, J.P., Friedman, DeGrasse, Manzanet-Daniels and Gische, JJ.