■ CECILIA BASUALDO, an Infant, by Her Mother and Natural Guardian, ALEJANDRA ESPINDOLA, et al., Appellants, v EDUVIGIS M. GUZMAN et al., Defendants, and NEW YORK CITY HEALTH AND HOSPITALS CORP. (LINCOLN HOSPITAL), Respondent. [973 NYS2d 621]—

Order, Supreme Court, Bronx County (Douglas E. McKeon, J.), entered January 11, 2012, which denied plaintiffs' motion to deem their previously served notice of claim timely, nunc pro tunc, and granted the cross motion of defendant New York City Health and Hospitals (HHC) for dismissal of the complaint, unanimously affirmed, without costs.

In this medical malpractice action in which the infant plaintiff seeks to recover for injuries allegedly caused by HHC's failure to properly monitor and screen her for exposure to lead, the court properly considered the pertinent statutory factors and exercised its discretion in denying plaintiffs' motion (General Municipal Law § 50-e [5]).

While plaintiffs' expert interpreted the Lincoln Hospital Pediatric Clinic's records to support their theory of liability, the records do not, on their face, evince that the hospital deviated from good and accepted medical practice, and thus do not provide HHC with timely actual knowledge of the underlying claim (*see Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 537 [2006]; *Arauz v New York City Health & Hosps. Corp. [Lincoln Med. Ctr.]*, 101 AD3d 558, 559 [1st Dept 2012], *lv denied* 21 NY3d 866 [2013]; *Plaza v New York Health & Hosps. Corp. [Jacobi Med. Ctr.]*, 97 AD3d 466 [1st Dept 2012], *affd* 21 NY3d 983 [2013]). There is no support for plaintiffs' argument that the infant's blood lead level of 7 ug/dL at nine months old was "ominous," as that level is considered normal (*see* 10 NYCRR 67-1.1 [e]). Nor is the fact that plaintiff mother denies receiving any information concerning the dangers of lead relevant to the issue of whether the records provided HHC with notice.

Plaintiff mother's ignorance of the law is not a reasonable excuse (*see Plaza*, 97 AD3d at 468). Moreover, no excuse was offered for the additional delay of five years between the filing of the notice of claim and the making of the instant motion (*id.*).

Since, in reaching his conclusions concerning Lincoln's treatment of the infant plaintiff, plaintiffs' expert relies upon the mother's testimony, which contradicts the actual records, this is not a case that will turn mainly on records rather than witnesses' memories (*cf. Leeds v Lenox Hill Hosp.*, 6 AD3d 232, 233 [1st Dept 2004]). Thus, plaintiffs' have failed to meet their burden on the motion of establishing a lack of substantial prejudice resulting from the delay (*see Williams*, 6 NY3d at 539; *Cartagena v New York City Health & Hosps. Corp.*, 93 AD3d 187, 190, 192 [1st Dept 2012]).

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Tom, J.P., Andrias, Saxe, Freedman and Richter, JJ.