In the Matter of BRENDA NAZARIO, Appellant, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Respondent. [46 NYS3d 588]—

Order and judgment (one paper), Supreme Court, New York County (George J. Silver, J.), entered on or about February 4, 2015, which denied the petition for leave to serve and file a late notice of claim, unanimously affirmed, without costs.

The motion court providently exercised its discretion in denying the petition (*see* General Municipal Law § 50-e [5]; *Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 535 [2006]; *Webb v New York City Health & Hosps. Corp.*, 50 AD3d 265 [1st Dept 2008]). Bellevue Hospital's medical records show nothing that would alert respondent to a possible claim of malpractice (*Williams*, 6 NY3d at 537; *Webb*, 50 AD3d at 265). The records show that decedent was given a prophylactic course of antibiotics and told to return if he observed any signs of infection. "Under these circumstances[, respondent] could well have concluded that when [petitioner's father] left the hospital there was nothing wrong with him" (*Williams*, 6 NY3d at 537). Petitioner fails to point to any specific act or omission in Bellevue's treatment of her father that could support a claim for malpractice (*Webb*, 50 AD3d at 265). Petitioner also failed to make a showing of lack of substantial prejudice to respondent or demonstrate a reasonable excuse for the delay in serving a notice of claim (*see* General Municipal Law § 50-e [5]; *Webb*, 50 AD3d at 265).

We have considered petitioner's remaining contentions and find them unavailing. Concur—Tom, J.P., Renwick, Saxe, Feinman and Gesmer, JJ.