W.Z. v New York City Health & Hosps. Corp. (2020 NY Slip Op 03820)





W.Z. v New York City Health & Hosps. Corp.


2020 NY Slip Op 03820


Decided on July 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2018-11125
 (Index No. 504382/12)

[*1]W.Z., etc., appellant, 
v
New York City Health and Hospitals Corporation, respondent.


Ronemus & Vilensky (Lisa M. Comeau, Garden City, NY, of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Fay Ng and Antonella Karlin of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Michelle Weston, J.), dated July 31, 2018. The order denied that branch of the plaintiff's motion which was for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc and, thereupon, directed dismissal of the complaint, and denied, as academic, that branch of the plaintiff's motion which was to strike the defendant's first and fifth affirmative defenses.
ORDERED that the order is affirmed, with costs.
On July 24, 2007, the infant plaintiff allegedly sustained brain injuries as the result of medical malpractice on the part of the medical staff at a hospital operated by the defendant when he was born prematurely via an emergency cesarean section. On February 23, 2012, a notice of claim was served, without leave of court, and this action was commenced on December 21, 2012. By notice of motion dated January 24, 2017, the plaintiff moved for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, and to strike the defendant's first and fifth affirmative defenses. The Supreme Court denied that branch of the plaintiff's motion which was for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc and, thereupon, directed dismissal of the complaint, and denied, as academic, that branch of the plaintiff's motion which was to strike the defendant's first and fifth affirmative defenses. The plaintiff appeals.
"Under General Municipal Law § 50-e(5), in determining whether to deem a late notice of claim timely served nunc pro tunc, the court must consider, in particular, whether the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days of the accrual of the claim or within a reasonable time thereafter (see Unconsolidated Laws § 7401[2]; Wally G. v New York City Health & Hosps. Corp. [Metro. Hosp.], 27 NY3d 672, 675). Additional factors in determining whether to grant such an extension include whether the plaintiff demonstrated a reasonable excuse for the failure to serve a timely notice of claim and for the delay in seeking leave to serve a late notice of claim, whether the plaintiff was an infant at the time the claim arose and, if so, whether there was a nexus between the plaintiff's infancy and the delay in service of a notice of claim, and whether the public corporation was substantially prejudiced by the [*2]delay in its ability to maintain its defense on the merits (see General Municipal Law § 50-e[5]; Williams v Nassau County Med. Ctr., 6 NY3d 531, 535; Matter of Hampson v Connetquot Cent. Sch. Dist., 114 AD3d 790)" (Feduniak v New York City Health & Hosps. Corp. [Queens Hosp. Ctr.], 170 AD3d 663, 665 [citation omitted]).
The plaintiff's service of the late notice of claim on February 23, 2012, without leave of court, was a nullity (see J.H. v New York City Health & Hosps. Corp. [Elmhurst Hosp. Ctr.], 169 AD3d 880, 882). The plaintiff does not purport to have a reasonable excuse for the failure to timely serve a notice of claim, or for the lengthy delay in seeking leave to serve a late notice of claim. We agree with the Supreme Court that the plaintiff failed to establish that the plaintiff's medical records maintained by the defendant supplied the defendant with actual notice of the essential facts constituting the claim. The medical records failed to evince that the defendant's medical staff, by its acts or omissions, inflicted injury on the plaintiff, notwithstanding the opinion of the plaintiff's expert that had the defendant's medical staff taken a different course of treatment, there could have been a better result (see Wally G. v New York City Health & Hosps. Corp. [Metro. Hosp.], 27 NY3d at 676-677).
Moreover, the plaintiff also failed to demonstrate that the defendant was not substantially prejudiced by the lengthy delay in seeking leave to serve a late notice of claim (see M.M. v New York City Health & Hosps. Corp., 175 AD3d 1209; compare J.H. v New York Health & Hosp. Corps. [Elmhurst Hosp. Ctr.], 169 AD3d at 884)
Accordingly, we agree with the Supreme Court's determination to deny that branch of the plaintiff's motion which was for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc and, thereupon, to direct dismissal of the complaint, and to deny, as academic, that branch of the plaintiff' s motion which was to strike the defendant's first and fifth affirmative defenses.
CHAMBERS, J.P., AUSTIN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court