■ DAIQUAN WILLIAMS, an Infant, by His Mother and Natural Guardian, DEMETRIC BOWMAN, Respondent, v JAMAICA HOSPITAL MEDICAL CENTER, Defendant, and CITY OF NEW YORK, Appellant. [1 NYS3d 252]—

In an action to recover damages for personal injuries and lack of informed consent, the defendant City of New York appeals from an order of the Supreme Court, Queens County (O'Donoghue, J.), dated December 19, 2012, which granted the plaintiff's motion pursuant to General Municipal Law § 50-e (5) to deem the notice of claim timely served nunc pro tunc or for leave to serve a late notice of claim upon it, and denied its cross motion to dismiss the complaint insofar as asserted against it on the ground that the plaintiff failed to timely serve a notice of claim.

Ordered that the order is reversed, on the law and in the exercise of discretion, with costs, the plaintiff's motion pursuant to General Municipal Law § 50-e (5) to deem the late notice

of claim timely served nunc pro tunc or for leave to file a late notice of claim is denied, and the cross motion of the defendant the City of New York to dismiss the complaint insofar as asserted against it on the ground that the plaintiff failed to timely serve a notice of claim is granted.

The infant plaintiff (hereinafter the plaintiff) alleges, inter alia, that he was injured as a result of the delay by employees of the defendant City of New York (hereinafter the City) in transporting his mother to the hospital while she was in labor with him on August 10, 2006. Approximately four years after the alleged negligence, on or about August 19, 2010, the plaintiff served a notice of claim without leave of court and subsequently commenced this action. Approximately 1½ years thereafter, the plaintiff moved to deem the notice of claim timely served nunc pro tunc or for leave to file a late notice of claim. The City cross-moved to dismiss the complaint insofar as asserted against it for the failure to timely serve the notice of claim. The Supreme Court granted the motion and denied the cross motion on the grounds that the plaintiff established a reasonable excuse for the delay, that the City had acquired actual knowledge of the essential facts underlying the claim within 90 days of the alleged negligence or within a reasonable time thereafter, and that the City had suffered no prejudice as a result of the delay.

The Supreme Court improvidently exercised its discretion in granting the plaintiff's motion (see *Williams v Nassau County Med. Ctr.*, 6 NY3d 531 [2006]). In exercising its discretion to grant leave to serve a late notice of claim, the court must consider various factors, including whether (1) the municipality acquired actual knowledge of the facts constituting the claim within 90 days of its accrual or a reasonable time thereafter, (2) the delay would substantially prejudice the municipality in defending on the merits, (3) the movant has demonstrated a reasonable excuse for failing to serve a timely notice of claim, and (4) the claimant is an infant (see *Arias v New York City Health & Hosps. Corp. [Kings County Hosp. Ctr.]*, 50 AD3d 830, 831 [2008]). Although the presence or absence of any one factor is not determinative, whether the municipality acquired actual knowledge of the essential facts constituting the claim within 90 days of its accrual or within a reasonable time thereafter is of great importance (see *Matter of Iacone v Town of Hempstead*, 82 AD3d 888, 888-889 [2011]).

The plaintiff asserted that the City obtained actual knowledge of the essential facts constituting the claim within 90 days of the alleged negligence or within a reasonable time thereafter by virtue of a "FDNY Prehospital Care Report" (hereinafter

the report) prepared by Emergency Medical Service (hereinafter EMS) workers. However, in order for the report to have provided actual knowledge of the essential facts, one must have been able to readily infer from the report that a potentially actionable wrong had been committed by the City (*see Kuterman v City of New York*, 121 AD3d 646 [2014]; *Matter of Devivo v Town of Carmel*, 68 AD3d 991, 992 [2009]). The report did not provide the City with actual notice of the essential facts constituting the plaintiff's claim, inter alia, that the City was negligent in delaying transport of the plaintiff's mother to the hospital or that the plaintiff sustained any injuries as a result of the City's alleged negligence (*id.*). The report did not evince that EMS personnel, by their acts or omissions, inflicted any injury on the plaintiff (*see Williams v Nassau County Med. Ctr.*, 6 NY3d at 537).

The plaintiff also failed to demonstrate that the four-year delay in serving the notice of claim, and the additional delay of 1½ between service of the late notice of claim and the plaintiff's motion, would not substantially prejudice the City's ability to conduct an investigation of the claim (*see Matter of Hampson v Connetquot Cent. Sch. Dist.*, 114 AD3d 790, 791 [2014]; *Matter of Destine v City of New York*, 111 AD3d 629, 630 [2013]; *Matter of Gobardhan v City of New York*, 64 AD3d 705, 706 [2009]). Since the report did not apprise the City of the specific allegation that it was negligent, the sheer passage of time would prejudice the City in its ability to defend this action (*see Matter of Brown v County of Westchester*, 293 AD2d 748, 749 [2002]).

In addition, the plaintiff did not demonstrate a reasonable excuse for the failure to serve a timely notice of claim and for the delay in making his motion. The assertion by the plaintiff's mother that she was unaware of the requirement to serve a notice of claim within 90 days after the accrual of the claim does not constitute a reasonable excuse (*see Lyles v New York City Health & Hosps. Corp.*, 121 AD3d 648 [2014]; *Matter of Destine v City of New York*, 111 AD3d at 629; *Matter of Bell v City of New York*, 100 AD3d 990 [2012]; *Matter of Taylor v County of Suffolk*, 90 AD3d 769, 770 [2011]). The plaintiff also failed to submit any medical evidence to support his mother's allegations that she had been more focused on providing the extra care and treatment that the plaintiff needed because of his injuries than with pursuing a legal claim and that she did not readily appreciate the severity of the plaintiff's injuries (*see Matter of Hampson v Connetquot Cent. Sch. Dist.*, 114 AD3d at 791).

Furthermore, the plaintiff failed to establish a nexus between his infancy and the delays herein. The plaintiff's infancy,

without a showing of any nexus between the infancy and the delays, was insufficient to constitute a reasonable excuse (*see Bazile v City of New York*, 94 AD3d 929, 930 [2012]; *Arias v New York City Health & Hosps. Corp. [Kings County Hosp. Ctr.]*, 50 AD3d at 832).

Accordingly, the plaintiff's motion pursuant to General Municipal Law § 50-e (5) to deem the notice of claim timely served nunc pro tunc or for leave to serve a late notice of claim upon the City should have been denied, and the City's cross motion to dismiss the complaint insofar as asserted against it on the ground that the plaintiff failed to timely serve a notice of claim should have been granted. Rivera, J.P., Leventhal, Chambers and Sgroi, JJ., concur.