■ Aayush Sandeep Raut, an Infant, by His Mother and Natural Guardian, Smita Harmalkar, Appellant, v New York City Health & Hospitals Corp., Doing Business as Elmhurst Hospital Center, Respondent. [44 NYS3d 479]—

In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Queens County (Kerrigan, J.), entered September 11, 2014, which denied his motion pursuant to General Municipal Law § 50-e for leave to serve a late notice of claim upon the defendant, or in the alternative, to deem a notice of claim timely served nunc pro tunc, and granted the defendant's cross motion to dismiss the complaint for failure to timely serve a notice of claim.

Ordered that the order is affirmed, with costs.

The plaintiff was born in August 2011, at the Elmhurst Hospital Center, sued herein as New York City Health & Hospitals Corp., doing business as Elmhurst Hospital Center (hereinafter the Hospital). He was delivered preterm by emergency cesarean section with a gestational age of only 26 weeks and five days. He suffered respiratory and other neurological injuries as a result of his extreme prematurity,

and remained in the neonatal intensive care unit for more than four months following his birth. The plaintiff's mother had received prenatal care at the Hospital during her pregnancy.

On March 7, 2014, the plaintiff, by his mother, simultaneously served a notice of claim upon the Hospital alleging that its negligent prenatal care of the mother caused his preterm delivery and resulting injuries, and commenced this action to recover damages for the alleged medical malpractice. The plaintiff thereafter moved to deem the notice of claim timely served nunc pro tunc, or, in the alternative, for leave to serve a late notice of claim. The Hospital cross-moved to dismiss the complaint for failure to serve a timely notice of claim. The Supreme Court denied the plaintiff's motion and granted the Hospital's cross motion. The plaintiff appeals, and we affirm.

The Supreme Court providently exercised its discretion in denying the plaintiff's motion for leave to serve a late notice of claim upon the Hospital, or in the alternative, to deem the notice of claim timely served nunc pro tunc. In exercising its discretion whether to grant leave to serve a late notice of claim, a court must consider various factors that include: "(1) whether the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days of its accrual or a reasonable time thereafter; (2) whether the delay substantially prejudiced the public corporation in maintaining its defense on the merits; (3) whether the claimant was an infant; and (4) whether the claimant demonstrated a reasonable excuse for the delay" (*Castaneda v Nassau Health Care Corp.*, 89 AD3d 782, 782-783 [2011]; *see Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 535 [2006]; *Williams v Jamaica Hosp. Med. Ctr.*, 124 AD3d 636, 638 [2015]). While the presence or absence of any one of the several enumerated factors is not necessarily determinative, "[a]ctual knowledge of the essential facts is an important factor in determining whether to grant an extension and 'should be accorded great weight' " (*Beretey v New York City Health & Hosps. Corp. [Elmhurst Hosp. Ctr.]*, 56 AD3d 591, 593 [2008], quoting *Matter of Brownstein v Incorporated Vil. of Hempstead*, 52 AD3d 507, 509 [2008]).

The plaintiff failed to demonstrate that the Hospital had actual knowledge of the essential facts constituting his medical malpractice claim. To provide actual knowledge of the essential facts, the pertinent records must " 'suggest injury attributable to [the alleged] malpractice' " (*Matter of Khan v New York City Health & Hosps. Corp.*, 135 AD3d 940, 941 [2016], quoting *Wil-*

*liams v Nassau County Med. Ctr.*, 6 NY3d at 537). Here, although the relevant medical records indicated that the mother had suffered an asymptomatic cervical polyp during her pregnancy and that her cervix was friable, they do not suggest that the plaintiff's preterm delivery was attributable to the Hospital's alleged malpractice in failing to treat those conditions. Consequently, the entries in the Hospital's records do not equate with knowledge of the facts underlying the plaintiff's claim (*see Williams v Nassau County Med. Ctr.*, 6 NY3d at 537).

The plaintiff also failed to demonstrate that the delay in serving the notice of claim would not substantially prejudice the Hospital in maintaining its defense on the merits (*see id.*). Given that the medical records do not apprise the Hospital of the facts underlying the plaintiff's claim, the passage of time between his premature birth and the service of the notice of claim, and the fact that three of the mother's eight treating physicians are no longer in the Hospital's employ, would prejudice the Hospital's ability to defend this action (*see Williams v Jamaica Hosp. Med. Ctr.*, 124 AD3d at 638).

In addition, the plaintiff did not offer an adequate excuse for the failure to serve a timely notice of claim (*see Williams v Nassau County Med. Ctr.*, 6 NY3d at 537). The delay cannot be attributed to the plaintiff's infancy (*see Wade v New York City Health & Hosps. Corp.*, 85 AD3d 1016, 1017 [2011]), and is not otherwise reasonable (*see Williams v Jamaica Hosp. Med. Ctr.*, 124 AD3d at 638-639).

Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiff's motion and granting the Hospital's cross motion. Rivera, J.P., Chambers, Roman and LaSalle, JJ., concur.