Matter of Adbelghany v City of New York (2020 NY Slip Op 04391)





Matter of Adbelghany v City of New York


2020 NY Slip Op 04391


Decided on August 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
CHERYL E. CHAMBERS
PAUL WOOTEN, JJ.


2018-14998
 (Index No. 513074/15)

[*1]In the Matter of Fatma Adbelghany, etc., respondent,
v
City of New York, et al., appellants.


James E. Johnson, Corporation Counsel, New York, NY (Jane L. Gordon and Deborah A. Brenner of counsel), for appellants.
Cellino & Barnes, P.C., Garden City, NY (John E. Lavelle of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim, the City of New York, the Fire Department of the City of New York, and the New York City Fire Department appeal from an order of the Supreme Court, Kings County (Lara J. Genovesi, J.), dated November 19, 2018. The order, insofar as appealed from, upon renewal, vacated so much of a prior determination in an order of the same court, dated August 12, 2016, as denied the petition, and thereupon granted the petition.
ORDERED that the order dated November 19, 2018, is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, and upon renewal, the determination in the order dated August 12, 2016, denying the petition, is adhered to.
In this proceeding, the petitioner sought leave to serve a late notice of claim against the appellants, the City of New York, the Fire Department of the City of New York (hereinafter FDNY), and the New York City Fire Department. The proposed notice of claim alleged that, more than one year earlier, the appellants had been negligent in responding to a call to the 911 emergency number that was made after the petitioner's daughter was discovered drowning in a swimming pool. In an order dated November 19, 2018, the Supreme Court, upon renewal, vacated so much of a prior order dated August 12, 2016, as had denied the petition, and thereupon, granted the petition. This appeal ensued.
In determining whether to grant leave to serve a late notice of claim, the court must consider all relevant circumstances, including whether (1) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice and for the delay in seeking leave to serve a late notice of claim, (2) the municipality acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, and (3) the delay in seeking leave would substantially prejudice the municipality in its ability to defend against the action (see General Municipal Law § 50-e[5]; Matter of Molme v New York City Tr. Auth., 177 AD3d 601, 602).
Contrary to the petitioner's contention, the appellants did not acquire actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter by virtue of their possession of a portion of the relevant 911 call. The [*2]appellants demonstrated that 911 calls are initially answered by a representative of the New York Police Department (hereinafter NYPD) and are transferred to the FDNY's Emergency Medical Dispatch Center if, as here, the reported emergency is of a medical nature. The appellants showed that the NYPD portion of the call was deleted in the normal course of business after 180 days, while the FDNY portion was retained. The FDNY portion of the call and other communications maintained by the appellants revealed that the arrival on the scene of an Advanced Life Support ambulance was delayed because the ambulance was initially directed to an incorrect address, but did not reveal whether the appellants' employees or the 911 caller was the source of the error. Rather, it was the deleted NYPD portion of the call that would likely have contained that information. Furthermore, the petitioner's daughter's pulse and breathing were restored in the ambulance, and nothing in the records maintained by the appellants revealed the extensive injuries that the petitioner's daughter allegedly suffered. Thus, despite the appellants' knowledge of facts surrounding the response to the 911 call, there was little to suggest injury attributable to any negligence on their part (see Williams v Nassau County Med. Ctr., 6 NY3d 531, 537; Matter of Molme v New York City Tr. Auth., 177 AD3d at 602; Kuterman v City of New York, 121 AD3d 646, 648).
Further, even assuming that the petitioner demonstrated an absence of prejudice, in response, the appellants made a particularized evidentiary showing that they would be substantially prejudiced by the more than one year delay in serving the notice of claim by showing that the NYPD portion of the call, which would likely have revealed the source of the erroneous residential address, had been deleted (see generally Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 466-467). The petitioner additionally failed to demonstrate a reasonable excuse for the failure to timely serve a notice of claim (see Williams v Jamaica Hosp. Med. Ctr., 124 AD3d 636, 638).
In light of all of these circumstances, upon renewal, the Supreme Court should have adhered to its prior determination denying the petition for leave to serve a late notice of claim.
In light of our determination, we need not reach the appellants' remaining contention.
SCHEINKMAN, P.J., BALKIN, CHAMBERS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court