Torres v New York City Hous. Auth. (2021 NY Slip Op 06207)





Torres v New York City Hous. Auth.


2021 NY Slip Op 06207


Decided on November 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
LARA J. GENOVESI, JJ.


2018-05856
 (Index No. 150234/16)

[*1]Ubaldo Antonio Torres, appellant, 
v
New York City Housing Authority, respondent.


Ginarte Gallardo Gonzalez Winograd, LLP, New York, NY (Timothy Norton of counsel), for appellant.
Smith Mazure Director Wilkins Young & Yagerman, P.C., New York, NY (Louise M. Cherkis of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Kim Dollard, J.), dated April 6, 2018. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) and on so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated upon 12 NYCRR 23-5.1(j).
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff, an employee of nonparty Universal Construction Resources, commenced this action to recover damages for personal injuries he allegedly sustained on the morning of September 1, 2015, when he fell from a scaffold while performing asbestos abatement work at a building owned by the defendant. At the time of the accident, the plaintiff was placing plastic on the facade of the building when he allegedly stepped into a gap between two erected scaffolds, causing him to fall approximately 15 feet to the ground. In an order dated April 6, 2018, the Supreme Court, inter alia, denied those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) and on so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated upon 12 NYCRR 23-5.1(j), on the ground that the plaintiff failed to annex his notice of claim to the moving papers. The plaintiff appeals. We affirm, albeit on grounds different from those relied upon by the Supreme Court.
The Supreme Court erred in denying those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) and on so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated upon 12 NYCRR 23-5.1(j) based solely upon his failure to annex the notice of claim to his motion papers. While the defendant correctly contends that CPLR 3212(b) requires that motions for summary judgment be supported by a copy of the pleadings, a notice of claim is not [*2]a pleading (see Winbush v City of Mount Vernon, 306 NY 327, 334; Kettle v Sweet Home Cent. School Dist., 152 AD2d 956, 957). A notice of claim is "a condition precedent to the commencement of an action or special proceeding against a public corporation" (General Municipal Law § 50-e[1][a]). Service of a notice of claim does not commence an action or interpose any claim or defense; it merely gives notice that an action may ensue. The pleadings remain the operative documents dictating the causes of action and other affirmative claims, issues, and defenses asserted (see generally CPLR 3011). Moreover, there is no basis in the record to support the court's assertion that the plaintiff's "failure to attach the notice of claim was prejudicial in that defendant[ ] w[as] not afforded the opportunity to address the defects within the notice."
The plaintiff, however, failed to establish his prima facie entitlement to judgment as a matter of law on the issue of liability on the Labor Law § 240(1) cause of action. "'[A] fall from a scaffold does not establish, in and of itself, that proper protection was not provided'" (Medina-Arana v Henry St. Prop. Holdings, LLC, 186 AD3d 1666, 1667, quoting Alava v City of New York, 246 AD2d 614, 615; see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 288-289). Here, the plaintiff relies solely on his General Municipal Law § 50-h hearing testimony and his deposition testimony, which merely established that he fell from a scaffold. The plaintiff failed to address whether there were scaffold rails, possible tie off points for a harness, or some alternative fall protection. Without more, the plaintiff's testimony that he "moved [his] foot" to the left, causing him to step off of the scaffold and into an "empty space," and that "there was nothing there because [he] stepped on it and . . . thought it was something solid" are insufficient (cf. Leon-Rodriguez v Roman Catholic Church of Sts. Cyril & Methodius, 192 AD3d 883, 885; Viera v WFJ Realty Corp., 140 AD3d 737, 738).
Similarly, the plaintiff failed to meet his prima facie burden with respect to so much of the Labor Law § 241(6) cause of action as was predicated upon 12 NYCRR 23-5.1(j), as he failed to establish that the scaffold lacked safety railings in violation of that regulation and that such violation was a proximate cause of his injuries (see Viera v WFJ Realty Corp., 140 AD3d at 739).
Since the plaintiff failed to meet his prima facie burden, those branches of his motion which were for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) and on so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated upon 12 NYCRR 23-5.1(j) should have been denied on the merits without regard to the sufficiency of the defendant's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Cantalupo v Arco Plumbing & Heating, Inc., 194 AD3d 686, 690).
In light of our determination, we need not address the defendant's remaining contentions.
MASTRO, J.P., MILLER, CONNOLLY and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court