Roman v New York City Hous. Auth. (2023 NY Slip Op 00342)

Roman v New York City Hous. Auth.

2023 NY Slip Op 00342

Decided on January 25, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 25, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2020-01543
 (Index No. 707614/19)

[*1]Giselle Roman, etc., appellant, 
v
New York City Housing Authority, respondent, et al., defendants.

Certain & Zilberg, PLLC, New York, NY (Michael Zilberg of counsel), for appellant.
Herzfeld & Rubin, P.C., New York, NY (Sharyn Rootenberg and Miriam Skolnik of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, etc., the plaintiff appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered January 6, 2020. The order, insofar as appealed from, granted the motion of the defendant New York City Housing Authority pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The defendant New York City Housing Authority (hereinafter NYCHA) moved pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it on the ground that the plaintiff failed to serve a timely notice of claim. The Supreme Court granted NYCHA's motion, and the plaintiff appeals.
"Service of a notice of claim . . . is a condition precedent to a lawsuit against a municipal corporation" (Davidson v Bronx Mun. Hosp., 64 NY2d 59, 61; see Public Housing Law § 157[2]; Torres v New York City Hous. Auth., 199 AD3d 852, 853-854).
Shortly before commencing this action, the plaintiff commenced a proceeding, inter alia, pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim on NYCHA. In light of our determination on a related appeal in that proceeding (see Matter of Roman v New York City Hous. Auth., ___ AD3d ___ [decided herewith]) affirming so much of an order entered January 6, 2020, as denied that branch of the petition which was for leave to serve a late notice of claim on NYCHA, the plaintiff failed to serve a timely notice of claim on NYCHA.
Accordingly, the Supreme Court properly granted NYCHA's motion pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it (see Kuterman v City of New York, 121 AD3d 646, 648; Matter of White v New York City Hous. Auth., 38 AD3d 675, 676).
DUFFY, J.P., CHRISTOPHER, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court