Jara v Elmhurst Hosp. Ctr. (2023 NY Slip Op 00415)

Jara v Elmhurst Hosp. Ctr.

2023 NY Slip Op 00415

Decided on February 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2020-06564
 (Index No. 705635/18)

[*1]Jenny Jara, etc., et al., appellants,
v
Elmhurst Hospital Center, respondent, et al., defendants.

Manuel D. Gomez, New York, NY, for appellants.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Eric Lee and Janet L. Zaleon of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered August 28, 2019. The order granted the motion of the defendant Elmhurst Hospital Center for summary judgment dismissing the complaint insofar as asserted against it, and denied the plaintiffs' cross-motion for leave to serve a late notice of claim.
ORDERED that the order is affirmed, with costs.
The plaintiffs commenced this action in April 2018 to recover damages for injuries allegedly sustained by the infant plaintiff during her birth at the defendant Elmhurst Hospital Center (hereinafter the Hospital) in 2003. The Hospital moved for summary judgment dismissing the complaint insofar as asserted against it on the ground, inter alia, that the plaintiffs failed to timely serve a notice of claim, and the plaintiffs cross-moved for leave to serve a late notice of claim upon the Hospital. In an order entered August 28, 2019, the Supreme Court denied the plaintiffs' cross-motion and granted the Hospital's motion. The plaintiffs appeal.
The Supreme Court providently exercised its discretion in denying the plaintiffs' cross-motion for leave to serve a late notice of claim upon the Hospital. "A notice of claim is 'a condition precedent to the commencement of an action or special proceeding against a public corporation'" (Torres v New York City Hous. Auth., 199 AD3d 852, 853-854, quoting General Municipal Law § 50-e[1][a]). In exercising its discretion to grant leave to serve a late notice of claim, the court must consider whether (1) the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the claimant was an infant at the time the claim arose and, if so, whether there was a nexus between the infancy and the failure to serve a timely notice of claim, (3) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim, and (4) the public corporation was substantially prejudiced by the delay in its ability to maintain its defense on the merits (see General Municipal Law § 50-e[5]; Matter of Manbodh v New York City Tr. Auth., 204 AD3d 914, 915; E.R. v Windham, 181 AD3d 736, 738; Williams v Jamaica Hosp. Med. Ctr., 124 AD3d 636, 637). "Although the presence or absence of any one factor is not determinative, whether [*2]the municipality acquired actual knowledge of the essential facts constituting the claim within 90 days of its accrual or within a reasonable time thereafter is of great importance" (Williams v Jamaica Hosp. Med. Ctr., 124 AD3d at 637; see Raut v New York City Health & Hosps. Corp., 145 AD3d 1049, 1050).
The plaintiffs failed to demonstrate that the Hospital acquired actual knowledge of the essential facts constituting the infant plaintiff's claim. "'[F]or a report to provide actual knowledge of the essential facts, one must be able to readily infer from that report that a potentially actionable wrong had been committed by the public corporation'" (Matter of Nunez v Village of Rockville Ctr., 176 AD3d 1211, 1214-1215, quoting Matter of Fethallah v New York City Police Dept., 150 AD3d 998, 1000; see Raut v New York City Health & Hospitals Corp., 145 AD3d at 1050). Here, the relevant medical records do not identify any injury inflicted upon the infant plaintiff during the birth process, and therefore do not suggest that the infant plaintiff's alleged injuries were attributable to a wrong committed by the Hospital during the infant plaintiff's birth (see Williams v Nassau County Med. Ctr., 6 NY3d 531, 537; Matter of C.N. v City of New York, 208 AD3d 784; Raut v New York City Health & Hosps. Corp., 145 AD3d at 1050; Williams v Jamaica Hosp. Med. Ctr., 124 AD3d at 637).
The plaintiffs also failed to demonstrate a reasonable excuse for the failure to serve a timely notice of claim. The excuses they did proffer, which were improperly raised for the first time in a reply affidavit (see Matter of Anderson v New York City Dept. of Educ., 102 AD3d 958, 959), failed to explain an additional delay of more than 13 months in making their cross-motion after commencement of the action (see Matter of Jadusingh v New York Health & Hosps. Corp., 168 AD3d 940, 942; Lyles v New York City Health & Hosps. Corp., 121 AD3d 648, 649-650). The plaintiffs also submitted no "evidence to support the[ ] contention that the delay was the product of the infant plaintiff's infancy" (I.N. v City of Yonkers, 203 AD3d 721, 724; see Williams v Nassau County Med. Ctr., 6 NY3d at 537-538; Williams v Jamaica Hosp. Med. Ctr., 124 AD3d at 637).
Furthermore, the plaintiffs presented no "evidence or plausible argument" that the delay in serving a notice of claim would not substantially prejudice the Hospital in defending the action on the merits (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 466; see Matter of Lugo v GNP Brokerage, 185 AD3d 824, 826). Since the medical records did not apprise the Hospital of the facts underlying the infant plaintiff's claim, the passage of time between her birth in 2003 and the service of the notice of claim would prejudice the Hospital's ability to defend this action (see Raut v New York City Health & Hosps. Corp., 145 AD3d at 1050; Williams v Jamaica Hosp. Med. Ctr., 124 AD3d at 637).
Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiff's cross-motion for leave to serve a late notice of claim and granting the Hospital's motion for summary judgment dismissing the complaint insofar as asserted against it.
In light of the foregoing, we need not reach the Hospital's remaining contentions.
IANNACCI, J.P., MILLER, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court