Matter of Aime v New York City Health & Hosps. Corp. (2024 NY Slip Op 04315)

Matter of Aime v New York City Health & Hosps. Corp.

2024 NY Slip Op 04315

Decided on August 28, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 28, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
CARL J. LANDICINO, JJ.

2022-00108
 (Index No. 510696/21)

[*1]In the Matter of Guerdie Bien Aime, etc., appellant,
v
New York City Health & Hospitals Corporation, respondent.

Duffy & Duffy, PLLC, Uniondale, NY (John S. Kanzler of counsel), for appellant.
Muriel Goode-Trufant, Acting Corporation Counsel, New York, NY (Melanie T. West and Laurie L. O'Brien of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Kings County (Pamela Fisher, J.), dated December 8, 2021. The order denied the petition and, in effect, dismissed the proceeding.
ORDERED that the order is affirmed, with costs.
In August 2017, the petitioner was admitted to Kings County Hospital, which is owned and operated by the respondent, New York City Health and Hospitals Corporation (hereinafter NYCHHC), for elevated blood pressure during pregnancy and was discharged four days later. Two days after she was discharged, the petitioner returned to Kings County Hospital in active labor, and doctors performed an emergency caesarian section, delivering the infant. The infant's development was significantly delayed during her first few months and, in 2018, she was diagnosed with cerebral palsy and encephalomacia, among other health conditions. In March 2021, approximately 3½ years after the diagnoses, the petitioner commenced this proceeding pursuant to General Municipal Law 50-e(5) for leave to serve a late notice of claim on NYCHHC, alleging that the infant sustained injuries as a result of medical malpractice over the course of the petitioner's and the infant's treatment at Kings County Hospital.
By order dated December 8, 2021, the Supreme Court denied the petition and, in effect, dismissed the proceeding. The petitioner appeals.
"A notice of claim is a 'condition precedent to the commencement of an action or special proceeding against a public corporation'" (Jara v Elmhurst Hosp. Ctr., 213 AD3d 653, 653, quoting Torres v New York City Hous. Auth., 199 AD3d 852, 853-854; see General Municipal Law § 50-e[1][a]). "In exercising its discretion to grant leave to serve a late notice of claim, the court must consider whether (1) the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the claimant was an infant at the time the claim arose and, if so, whether there was a nexus between the infancy and the failure to serve a timely notice of claim, (3) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim, and (4) the public corporation was [*2]substantially prejudiced by the delay in its ability to maintain its defense on the merits" (Jara v Elmhurst Hosp. Ctr., 213 AD3d at 653-654; see General Municipal Law § 50-e[5]). "'Although the presence or absence of any one factor is not determinative, whether the municipality acquired actual knowledge of the essential facts constituting the claim within 90 days of its accrual or within a reasonable time thereafter is of great importance'" (Jara v Elmhurst Hosp. Center, 213 AD3d at 654, quoting Williams v Jamaica Hosp. Med. Ctr., 124 AD3d 636, 637; see Raut v New York City Health & Hosps. Corp., 145 AD3d 1049, 1050).
Here, the petitioner failed to demonstrate that NYCHHC had actual knowledge of the facts underlying the claim within 90 days after the claim arose or a reasonable time thereafter. Merely having or creating hospital records, without more, does not establish actual knowledge of a potential claim where the records do not evince that the medical staff, by its acts or omissions, inflicted an injury attributable to malpractice (see Wally G. v New York City Health & Hosps. Corp. [Metro. Hosp.], 27 NY3d 672, 677; Matter of Smith v Westchester County Health Care Corp., 165 AD3d 1150, 1151). Here, the petitioner failed to establish that the alleged malpractice was apparent from an independent review of the medical records.
Moreover, the petitioner failed to satisfy her initial burden of demonstrating that NYCHHC would not be substantially prejudiced in maintaining a defense on the merits as a result of the delay (see Matter of Newcomb v Middle County Cent. Sch. Dist., 28 NY3d 455, 466; Matter of Dutra v City of New York, 224 AD3d 682, 683). The petitioner also failed to demonstrate a reasonable excuse for her failure to timely serve a notice of claim (see Jara v Elmhurst Hosp. Ctr., 213 AD3d at 654).
Accordingly, the Supreme Court providently exercised its discretion in denying the petition and, in effect, dismissing the proceeding.
IANNACCI, J.P., MALTESE, FORD and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court