B.J. v New York City Hous. Auth. (2025 NY Slip Op 01792)

B.J. v New York City Hous. Auth.

2025 NY Slip Op 01792

Decided on March 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.

2023-02515
 (Index No. 533061/21)

[*1]B.J., etc., et al., respondents, 
v
New York City Housing Authority, appellant.

Herzfeld & Rubin, P.C., New York, NY (Miriam Skolnik of counsel), for appellant.
Rheingold Giuffra Ruffo & Plotkin, LLP, New York, NY (Jeremy A. Hellman and Thomas P. Giuffra of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated January 10, 2023. The order granted the plaintiffs' motion, inter alia, pursuant to General Municipal Law § 50-e(5) to deem late notices of claim timely served nunc pro tunc.
ORDERED that the order is affirmed, with costs.
On October 9, 2020, B. J. (hereinafter the infant plaintiff) was diagnosed with lead poisoning. On October 22, 2020, the New York City Department of Health and Mental Hygiene (hereinafter the DOH) contacted the plaintiff Satoria Huntley (hereinafter the mother) and performed a child risk assessment "via phone . . . due to COVID-19 sheltering restriction." Approximately five months later, on March 20, 2021, the DOH conducted an on-site inspection that revealed lead in the apartment. On March 23, 2021, the DOH notified the defendant, the New York City Housing Authority (hereinafter NYCHA), about the lead in the apartment. On June 1, 2021, the DOH directed NYCHA to abate the lead, and NYCHA began the abatement the following day.
On September 10, 2021, the infant plaintiff and his mother (hereinafter together the plaintiffs) served a notice of claim upon NYCHA. On December 23, 2021, the plaintiffs commenced this action, inter alia, to recover damages for the infant plaintiff's personal injuries. On December 27, 2021, the plaintiffs served NYCHA with an amended notice of claim.
On January 7, 2022, the plaintiffs moved, inter alia, pursuant to General Municipal Law § 50-e(5) to deem both the original notice of claim and the amended notice of claim as having been timely served nunc pro tunc. In an order dated January 10, 2023, the Supreme Court granted the motion. NYCHA appeals.
A notice of claim is a condition precedent to an action or special proceeding sounding in tort against a public corporation (see General Municipal Law § 50-e[1][a]). Pursuant to General Municipal Law § 50-e(5), upon application, the Supreme Court, in its discretion, may extend the time to serve a notice of claim upon a public corporation, or deem a late notice of claim timely served nunc pro tunc (see Matter of Rojas v New York City Health & Hosps. Corp., 127 AD3d 870, [*2]872).
In determining such an application, a court must consider all relevant circumstances, including whether "(1) the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the claimant was an infant at the time the claim arose and, if so, whether there was a nexus between the infancy and the failure to serve a timely notice of claim, (3) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim, and (4) the public corporation was substantially prejudiced by the delay in its ability to maintain a defense on the merits" (Jara v Elmhurst Hosp. Ctr., 213 AD3d 653, 653-654; see General Municipal Law § 50-e[5]; Matter of Guerre v New York City Tr. Auth., 226 AD3d 897, 898).
"Although the presence or absence of any one of the factors is not necessarily determinative, whether the municipality [or public corporation] acquired actual knowledge of the essential facts constituting the claim within 90 days of its accrual or within a reasonable time thereafter is of great importance" (Jara v Elmhurst Hosp. Ctr., 213 AD3d at 654 [internal quotation marks omitted]; see Matter of Guerre v New York City Tr. Auth., 226 AD3d at 898). A lack of a reasonable excuse for the delay in serving a notice of claim is "not necessarily fatal" (Matter of Johnson v County of Suffolk, 167 AD3d 742, 745 [internal quotation marks omitted]; see Matter of Guerre v New York City Tr. Auth., 226 AD3d at 898). "[W]here there is actual notice and absence of prejudice, the lack of a reasonable excuse will not bar the granting of leave to serve a late notice of claim" (Matter of Joy v County of Suffolk, 89 AD3d 1025, 1027; see Matter of Guerre v New York City Tr. Auth., 226 AD3d at 898).
Here, there is no dispute that one of the plaintiffs was an infant at all relevant times (see generally Williams v Nassau County Med. Ctr., 6 NY3d 531, 538). Further, under all the circumstances, including the DOH's five-month delay in inspecting the apartment, the plaintiffs demonstrated that NYCHA had actual knowledge of the essential facts constituting the claim within a reasonable time after the expiration of the 90-day period (see General Municipal Law § 50-e[1][a]; Matter of Fierro v City of New York, 271 AD2d 608, 609). Moreover, NYCHA fails to point to any prejudice caused by the delay in serving the notice of claim and this record supports the Supreme Court's determination that NYCHA was not substantially prejudiced by the delay (see Rodriguez v Westchester Med. Ctr. [WMC], 196 AD3d 659, 660; Matter of Rojas v New York City Health & Hosps. Corp., 127 AD3d at 873).
Accordingly, the Supreme Court providently exercised its discretion in granting the plaintiffs' motion, inter alia, pursuant to General Municipal Law § 50-e(5) to deem the late notices of claim timely served nunc pro tunc.
BARROS, J.P., MILLER, FORD and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court