Matter of Calnick v New York City Health & Hosps. Corp. (2025 NY Slip Op 50776(U))

[*1]

Matter of Calnick v New York City Health & Hosps. Corp.

2025 NY Slip Op 50776(U)

Decided on May 16, 2025

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 16, 2025
Supreme Court, Kings County

In the Matter of the Application of Shalonda Calnick as Parent and Natural Guardian of C.B.W., an Infant, Petitioner,

against
New York City Health & Hospitals Corporation, Respondent.

Index No. 534244/2024

Aaron D. Maslow, J.

The following numbered papers were read on this petition: NYSCEF Document Numbers 1-27.
Upon the foregoing papers, the Court having elected to determine the within petition on submission pursuant to 22 NYCRR 202.8-f and IAS Part 2 Rules, Part II (Motions & Special Proceedings), Subpart C (Appearances & Post-Order Matters), Section 6 (Personal Appearances) ("All motions presumptively are to be argued in person unless the Court informs the parties at least two days in advance that it has made a sua sponte determination that a motion will be determined on submission."), and due deliberation having been had thereon,
It is hereby ORDERED, ADJUDGED, and DECREED that the within petition pursuant to General Municipal Law 50-e (5) for leave to serve a late notice of claim on Respondent New York City Health & Hospitals Corporation ("NYCHHC" or Respondent), alleging that the infant sustained injuries as a result of medical malpractice over the course of the petitioner's and the infant's treatment at Woodhull Medical Center Hospital ("Woodhull") from on or about February 16, 2023 through and including February 20, 2023, is determined as follows:
Petitioner alleges that during the four days relevant to this motion, the 39 week (full term) pregnant Petitioner, who was diabetic and in the process of developing severe preeclampsia, underwent repeated attempts to augment labor, including repeated administrations of Cervadil, insertion of a cervical ripening balloon, administration of Cytotec and Pitocin, and an amniofusion while the fetus' condition deteriorated. Respondent and its agents declined Petitioner's request for a caesarian section until her condition and that of her fetus were such that delivery could no longer be delayed. Had the Respondent and its agents performed their duties in accordance with the appropriate standard of care, Petitioner would have been delivered days, [*2]earlier, before the fetus clearly suffered distress, or even hours earlier, thus giving the infant a better prognosis. Although he currently is only 18 months of age, there are indications that the infant has suffered permanent damage and will likely suffer significant developmental disabilities as he grows older. Respondent disputes that medical malpractice took place.
A late notice of claim was filed on January 16, 2024. A General Municipal Law § 50-h hearing was held on August 8, 2024.
"A notice of claim is a 'condition precedent to the commencement of an action or special proceeding against a public corporation' " (Jara v Elmhurst Hosp. Ctr., 213 AD3d 653, 653 [2d Dept 2023], quoting Torres v. New York City Hous. Auth., 199 AD3d 852, 853-854 [2d Dept 2021]; see General Municipal Law § 50—e [1] [a]). "In exercising its discretion to grant leave to serve a late notice of claim, the court must consider whether (1) the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the claimant was an infant at the time the claim arose and, if so, whether there was a nexus between the infancy and the failure to serve a timely notice of claim, (3) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim, and (4) the public corporation was substantially prejudiced by the delay in its ability to maintain its defense on the merits" (Jara v Elmhurst Hosp. Ctr., 213 AD3d at 653—654; see General Municipal Law § 50—e[5]). " 'Although the presence or absence of any one factor is not determinative, whether the municipality acquired actual knowledge of the essential facts constituting the claim within 90 days of its accrual or within a reasonable time thereafter is of great importance' " (Jara v Elmhurst Hosp. Center, 213 AD3d at 654, quoting Williams v Jamaica Hosp. Med. Ctr., 124 AD3d 636, 637 [2d Dept 2015]; see Raut v New York City Health & Hosps. Corp., 145 AD3d 1049, 1050 [2d Dept 2016]).
Here, Petitioner failed to demonstrate that NYCHHC had actual knowledge of the facts underlying the claim within 90 days after the claim arose or a reasonable time thereafter. Merely having or creating hospital records, without more, does not establish actual knowledge of a potential claim where the records do not evince that the medical staff, by its acts or omissions, inflicted an injury attributable to malpractice (see Wally G. v New York City Health & Hosps. Corp. [Metro. Hosp.], 27 NY3d 672, 677 [2016]; Matter of Smith v Westchester County Health Care Corp., 165 AD3d 1150, 1151 [2d Dept 2018].
However, Petitioner does have a manifestly reasonable excuse for not sooner filing a claim to protect her infant's rights. As noted in her affirmation, she states that her chief concern was in caring for her child after birth. The courts have recognized that parental concern with an infant's medical condition and treatment can serve as a proper excuse for failure to timely file a notice of claim (see Guzman v County of Westchester, 208 AD2d 925 [2d Dept 1994]).
Petitioner's counsel was first contacted on November 30, 2023, after seeing one of its advertisements. Petitioner also claims that there was a delay in obtaining records from Respondent. Respondent never provided the prenatal care records.
Respondent was not substantially prejudiced by the delay in its ability to maintain its defense on the merits. The delay in filing the late notice of claim was less than one year, and Respondent possesses its records in order to maintain a defense. Respondent, in its opposition, did not advert to any prejudice. In fact, Respondent has conducted a § 50-h hearing already.
Therefore, the following factors militate in Petitioner's favor: Petitioner's child was an infant at the time the claim arose and there was a nexus between the infancy and the failure to serve a timely notice of claim; Petitioner demonstrated a reasonable excuse for the failure to [*3]serve a timely notice of claim; and the public corporation was not substantially prejudiced by the delay in its ability to maintain a defense on the merits. Although the notice of claim was filed was late — past the 90-day deadline — it was filed prior to the expiration of the one-year-and-90-day statute of limitations. (See Frith v New York City Hous. Auth., 4 AD3d 390 [2d Dept 2004]; D'Erasmo v City of Yonkers, 271 AD2d 393 [2d Dept 2000]; Kurz v New York City Health & Hosps. Corp., 174 AD2d 671 [2d Dept 1991].)
Respondent requests that if late notice of claim is allowed, Petitioner be directed to file a new notice of claim: "NYCHHC archives its Notices of Claim separately from its legal files, which are maintained by counsel. Serving the Notice of Claim directly upon NYCHHC permits more efficient and accurate recordkeeping, and thereby serves the public interest." (NYSCEF Doc No. 24 ¶ 9.)
Accordingly, it is hereby ORDERED, ADJUDGED, and DECREED that the within petition seeking leave to serve a late notice of claim on Respondent New York City Health & Hospitals Corporation is GRANTED TO THE FOLLOWING EXTENT: Petitioner shall serve a new Notice of Claim with respect to the within claim in accordance with proper procedure under the General Municipal Law no later than 21 days from the date of entry of this Order and Judgment.